UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | CHAPTER 11 |
| **FRED FULLER OIL & PROPANE CO., INC.,** | Case No. 14-12188-JMD |
| Debtor | |

## MOTION FOR EX PARTE ORDER ESTABLISHING EXPEDITED SALE PROCESS DUE TO JUDICIALLY RECOGNIZED EXIGENT CIRCUMSTANCES

The debtor and debtor in possession, **Fred Fuller Oil & Propane Co., Inc.** (the "Debtor"), with the consent and support of the State of New Hampshire, acting through Joseph A. Foster, Attorney General (the "State" and the "Attorney General" or "N.H.A.G"), Sprague Operating Resources LLC ("Sprague"), and Rymes Heating Oils, Inc. (the "Buyer") respectfully move this Court as follows:

### INTRODUCTION AND REQUESTED RELIEF

1.      In this Motion, the Debtor, with the consent and support of the State, Sprague and Rymes (collectively, the "Supporting Parties"), requests this Court to enter the proposed Order accompanying this Motion (the "Order[1]" or "Sale Process Order"). The Order will approve the extremely expedited, but necessary, process set forth in Exhibit A hereto (the "Sale Process and Schedule") and such other terms as may be deemed necessary by this Court for approving the purchase and sale of the Debtor's assets free and clear of all liens, claims and other interests (the

---

[1] As proposed and such modifications as this Court deems necessary or appropriate.

"Purchased Assets") to the Buyer for approximately $10,000,000[2] (the "Sale"). The Sale Process and Schedule will lead to a sale on November 24, 2014. Although the Sale Process and Schedule is aggressive and requires a waiver of certain requirements of Federal Bankruptcy Rules 2002 and 6004 and Local Rule 6004-1, this Court made the finding or observation in its Bench Ruling granting the Debtor permission to use cash collateral through November 24, 2014 that recognized that the Debtor needed to sell its operating assets or obtain a significant infusion of cash.

    2.    If this Court enters the Sale Process Order in the form proposed by Debtor, it will, among other things:

    **a.**    Limit service of the Sale Notice (as defined below) and all other pleadings filed in connection with the Sale, including without limitation, the Sale Motion (as defined below), to the following persons and entities (collectively, the "Mandatory Service Parties"): **(1)** the United States Trustee; **(2)** the Debtor's twenty largest creditors; **(3)** the State; **(4)** the Chairman of, or proposed or approved counsel to any Official Committee of Unsecured Creditors appointed or retained in this Case; **(5)** the Internal Revenue Service and the New Hampshire Department of Revenue Administration, c/o the State and the N.H.A.G and any other local and state taxing authorities for each jurisdiction in which the Purchased Assets are located; **(6)** all parties known to the Debtor to possess, or to have asserted any liens, claims, encumbrances or other interests in, to or on the Purchased Assets; **(7)** all parties having filed Appearances and/or requests for notices in Debtor's case; and **(8)** prospective purchasers known to the Debtor.

    **b.**    Approve the Sale Process and Schedule attached hereto as Exhibit A.

---

[2] The estimated Purchase Price does not include the money to be paid to Raymond C. Green Funding LLC in satisfaction of its $2,250,000 claim against the Debtor and non-debtor parties, which is secured by mortgages of non-debtor properties that must be conveyed to the Buyer as part of the transaction.

  **c.** Require the Debtor to file and serve on the Mandatory Service Parties a Notice of Intended Private Sale on or before November 20, 2014 (the "Sale Notice").

  **d.** Require the Debtor to file a Motion for Order Authorizing Debtor to Sell All or Substantially All of the Property of the Estate Free and Clear of All Liens, Claims and Interests and Assume and Assign Certain Executory Contracts and Leases Pursuant to Code Sections 105, 363 and 365 (the "Sale Motion") on or before November 20, 2014.

  **e.** Direct the Debtor to file its Statement of Financial Affairs and Schedules on or before November 21, 2014.

  **f.** Require the Debtor to serve the Sale Process Order, Sale Notice and Sale Motion on all Mandatory Service Parties on or before November 20, 2014.

  **g.** Set November 23, 2014, at 4:00 p.m. (EST) as the date and time by which any Mandatory Service Party or any other party in interest must file and serve a written objection to the Sale Motion (the "Objection Date"), with a copy of any such written objection also delivered via email by such date and time to the following: Bill Gannon, Debtor's counsel: bgannon@gannonlawfirm.com; Peter Roth, N.H.A.G: peter.roth@doj.nh.gov; Geraldine L. Karonis, U.S. Trustee: Geraldine.L.Karonis@usdoj.gov; Jim LaMontagne, counsel to Rymes: jlamontagne@sheehan.com; and Lawrence Edelman, counsel to Sprague: ledelman@pierceatwood.com.

  **h.** Schedule a hearing on the Sale Motion and any timely Objections thereto at United States Bankruptcy Court for the District of New Hampshire, 1000 Elm Street, Manchester, NH, on November 24, 2014, at 2:00 p.m. or such other date or time as may be set by the Court (the "Sale Hearing").

3. No prior request has been made for the relief requested in this Motion.

4. In lieu of a memorandum of law, Debtor cites the relevant Code Sections, Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules in this Motion.

## RELEVANT PROCEDURAL HISTORY

5. On or about November 10, 2014, the Debtor commenced this Case by filing its skeleton Voluntary Petition under Chapter 11 of 11 U.S.C. §§ 101 *et. seq.* (the "Code"). It remains in possession of its property and is operating its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. On November 14, 2014, this Court granted the Debtor permission to use cash collateral over the objection of Sprague (the "First Cash Collateral Order"). The First Cash Collateral Order will expire on November 24, 2014. During its Bench Ruling, this Court recognized that the Debtor needed to sell its operating assets or obtain a significant infusion of cash.

7. No Consumer Privacy Ombudsman, Official Committee of Unsecured Creditors, trustee or examiner has been appointed in this case.

## BASIS FOR REQUESTED RELIEF

8. As the Debtor has advised this Court and the public, it filed this Case primarily for the purpose of protecting its customers. It would also like to protect the jobs of its capable, dedicated and loyal employees. It is clear to the Debtor that it cannot achieve the foregoing goals without an immediate sale of the Debtor's business as a going concern. It is also clear that Mr. Fred Fuller, the Debtor's equity holder, cannot and will not receive money or property from

the proceeds of such Sale. In fact, Mr. Fuller is conveying personal real estate as part of the Debtor's transaction with the Buyer to ensure that the Sale to the Buyer closes.

9. On information and belief, the Debtor is the largest retail fuel oil and propane retailer in the State. It has approximately 100 employees that service 30,000 customers divided into Pre-Buy, Budget, Scheduled and Will-call Customers (the "Customers"). Approximately 3% of its Customers purchased and pre-paid or entered into Budget Contracts for heating oil for the 2014-2015 heating season ("Pre-Buy Customers" and "Budget Customers," respectively). On information and belief, the Debtor owes its Pre-Buy Customers and Budget Customers more than $7,000,000 in fuel oil.

10. A legitimate emergency exists. Winter is coming quickly. The Debtor cannot continue to service its Customers without a major cash or capital infusion. On information and belief, Mr. Fuller cannot provide the necessary capital. The Debtor may be forced to cease transacting business on November 24, 2014, if it cannot obtain permission to continue using cash collateral. Although the Debtor has begun contacting Debtor in Possession lenders, finding a DIP Lender, negotiating the terms of a DIP Loan and closing the transaction with Bankruptcy Court Approval will inevitably be an uncertain, lengthy and expensive process.

11. Based on a number of factors, including those discussed with this Court during the hearings on the Debtor's First Cash Collateral Motion, the Debtor determined in the exercise of its business judgment that the Purchased Assets had to be offered for sale immediately.

12. Prior to the Petition Date, the Debtor, acting through Fred Fuller, made an extensive effort to find a buyer for the Debtor's operating assets. Mr. Fuller could not find a buyer. The Debtor's proposed General Bankruptcy Counsel also made an effort to find a buyer during the days immediately preceding the filing, but could not obtain an offer from any then-

known potential buyer. As a result of the failure of the Debtor's marketing efforts, the Debtor concluded that the private sale of its operating assets to Rymes without competitive bidding, even on extremely limited and shortened notice, is in the best interests of the estate under the particular and unique facts of this Case.

13. After the Cash Collateral hearing on November 14, 2014, the Debtor, Sprague, Rymes and the State engaged in a marathon all night negotiation session during which Rymes agreed to purchase substantially all of the Debtor's assets. Due to the Debtor's financial circumstances, however, the sale process must occur on the expedited time-frame described in this motion. Absent the sale contemplated with Rymes, the Debtor and its customers face an uncertain future at a critical time in the heating season. The Debtor and the Supporting Parties, therefore, have developed a sale process that is appropriate and necessary under the circumstances.

14. Pursuant to Code Sections 363 and 365, Federal Bankruptcy Rules 2002 and 6004, and Local Bankruptcy Rules 6004-1, the Sale Notice gives creditors and other parties in interest notice of the date and time of the Sale, a brief description of the Purchased Assets, the Purchase Price or formula for determining the Purchase Price and the other terms of sale, and the time fixed for filing objections.

15. In accordance with Federal Bankruptcy Rules 2002 and 6004, and Local Bankruptcy Rules 2002-1, 2002-2 and 6004-1, and the order approving this Motion, the Debtor shall serve copies of the Sale Notice and Sale Motion on the Mandatory Service Parties.

16. Given the exigent circumstances and the active participation of the U.S.T. and the State, the Debtor submits that the proposed Sale Notice will constitute good and sufficient notice

of the Sale Motion and the proposed Sale and all proceedings to be held thereon or in connection therewith and that no other further notice or hearing need be given or held.

**WHEREFORE,** the Debtor respectfully requests this Court to grant the Debtor the relief requested herein by entering the proposed Sale Process Order and such further relief as may prove to be fair and equitable or lawful.

                                                      Respectfully submitted

DATED: **November 18, 2014**         **/s/ William S. Gannon**
William S. Gannon, Esq., BNH 01222 (NH)

Proposed Attorney for:

**FRED FULLER OIL & PROPANE, INC.**

WILLIAM S. GANNON PLLC
889 Elm Street, 4th Fl.
Manchester NH 03101
PH: 603-621-0833

# EXHIBIT A
# SALE SCHEDULE

| date[3] | event |
|---|---|
| Nov. 18 | Debtor to file Motion for Order Establishing Sale Process and Schedule (the "Sale Process Order") |
| Nov. 20 | Debtor and Buyer to file Motion for Order Authorizing Sale of All or Substantially All of the Property of the Estate Pursuant to Code Section 363 with Asset Purchase Agreement (the "Sale Motion") |
| Nov. 23 (by 4:00 p.m. (EST)) | Objecting Parties to file Objections to Sale Process and Schedule Order or Sale Motion ("Objections" and the "Objection Date") |
| Nov. 24 | Sale Motion Hearing (the "Hearing") |

---

[3] All dates refer to 2014

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I served the foregoing pleadings on each person named on the attached Service List(s) by causing it to be filed electronically via the CM/ECF filing system or mailed by first class United States Mail, postage prepaid, or in such other manner as may be indicated.

Dated: November 18, 2014        /s/ Beth E. Venuti
                                                    Beth E. Venuti

## APPEARANCES SERVICE LIST
### In Re: Fred Fuller Oil & Propane Co., Inc., Chapter 11, Case No. 14-12188

Christopher M. Candon on behalf of Rymes Propane & Oils, Inc. – via ECF

Lawrence M. Edelman on behalf of Sprague Operating Resources, LLC – via ECF

Jeremy R. Fischer on behalf of Northeast Delta Dental Plan of New Hampshire dba Northeast Delta Dental – via ECF

Edmond J. Ford on behalf of Raymond C. Green Funding, LLC – via ECF

James S. LaMontagne on behalf of Rymes Propane & Oils, Inc. – via ECF

Benjamin E. Marcus on behalf of Northeast Delta Dental Plan of New Hampshire dba Northeast Delta Dental – via ECF

Office of the U.S. Trustee – via ECF

Peter C.L. Roth on behalf of State of New Hampshire – via ECF

Frank P. Spinella, Jr. on behalf of Granite Group Wholesalers LLC – via ECF

Normand Pinard
87 Riverview Park Road
Manchester, NH 03102

Internal Revenue Service
Special Procedures Function
P.O. Box 9502
Portsmouth, NH 03802

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

State of New Hampshire
Dept. of Employment Security
Attn: Arnold Rocklin-Weare
32 South Main Street
Concord, NH 03301

## 20 LARGEST CREDITOR SERVICE LIST
### In Re: Fred Fuller Oil & Propane Co., Inc., Chapter 11, Case No. 14-12188

**PretiFlaherty**
P.O. Box 1318
Concord, NH 03302-1318

**Blue Cow**
50 Salem Street
Lynnfield, MA 01940

**City of Laconia-Tax Collector**
P.O. Box 489
Laconia, NH 03247

**Dawn Coppola**
1345 Union Street
Manchester, NH 03104

**Dufresne & Lekas LLC**
12 Parmenter Road
Londonderry, NH 03053

**Energy Kinetics Inc**
103 Molasses Hill Road
Lebanon, NJ 08833

**Eprint Inc**
10 A Rebel Road
Hudson, NH 03051-0326

**Fred Fuller**
1345 Union Street
Manchester, NH 03104

**Harvard Pilgrim Health Care Inc**
P.O. Box 970050
Boston, MA 02297-0050

**J A Marino Automatic Heating Supply**
80 MAPLE STREET
Manchester, NH 03103

**National Interstate Insurance**
P.O. BOX 547
Richfield, OH 44286-0547

**Sanel Auto Parts Co**
P.O. Box 504
Concord, NH 03302-0504

**Sprague Energy**
Box 847887
Boston, MA 02284-7887

**Sullivan Tire Companies**
P.O. Box 370
Rockland, MA 02370-0370

**Tarantin Tank & Equipment Co**
86 Venderveer Road
Freehold, NJ 07728

**The Granite Group**
P.O. Box 2004
Concord, NH 03302-2004

**The Portland Group**
P.O. Box 583
Framingham, MA 01702-0583

**Town of Hudson-Tax Collector**
12 School Street
Hudson, NH 03051

**Town of Milford-Taxes**
Real Estate Tax
P.O. Box 981036
Boston, MA 02298

**Town of Northfield-Taxes**
21 Summer Street
Northfield, NH 03276

## LIST OF RECORD LIENHOLDERS
### In Re: Fred Fuller Oil & Propane Co., Inc., Chapter 11, Case No. 14-12188-JMD

Sprague Operating Resources, LLC
To Attorney via ECF

Raymond C. Green Funding, LLC
To Attorney via ECF

Windward Petroleum, Inc.
To Terry Gustavson – via email (tgus@ghberlinwindward.com)
To Sean Cormier - via email (scormier@ghberlinwindward.com)
To John Scanlon – via email (jscanlon@ghberlinwindward.com)
To Al Tetu – via email (atetu@ghberlinwindward.com)

**LIST OF PROSPECTIVE PURCHASERS**
**In Re: Fred Fuller Oil & Propane Co., Inc., Chapter 11, Case No. 14-12188-JMD**

Peter Kihara, KPM Energy LLC – via email (pkihara@gmail.com)

Saquib Toor, Beacon House Capital – via email (stoor@beaconhousecapital.com)

Bruce Ruppert, Griffith Energy – via email (BRuppert@griffithenergy.com)

Bill Anderson, Suburban Propane – via email (banderson@suburbanpropane.com)

Deanna Sherman, Dead River Oil – via email (Deanna.Sherman@deadriver.com)

Norm Guerette, Dead River Oil – via email (norm.guerette@deadriver.com)

John Forrest, Transedge Energy – via email (JForrest@transedge-energy.com)

Dennis O'Brien, Sail Energy – via email (dennis.obrien@sailenergy.net)

Chris English, Petro Heat – via email (cenglish@petroheat.com)

Joe De Rosa, Petro Heat – via email (jderosa@petroheat.com)

Joe Rosengrant - via email (Joe.Rosengrant@nglep.com)

Jon Carty, Axial – via email (jon.carty@axial.net)

Thomas Manson, Eastern Propane – via email (t.manson@clrm.com)

Holly Barcroft on behalf of Santoro Oil – via email (hbarcroft@nixonpeabody.com)