UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>**FRED FULLER OIL & PROPANE CO., INC.,**<br><br>Debtor. | Chapter 11<br><br>Case No. 14-12188-MAF |

MOTION BY CHAPTER 11 TRUSTEE FOR ORDER AUTHORIZING PAYMENT
TO CHAPTER 11 ADMINISTRATIVE CLAIMANTS

Harold B. Murphy, the duly appointed Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Fred Fuller Oil & Propane Co., Inc. (the "Debtor"), respectfully moves this court for an order authorizing payment to holders of allowed Chapter 11 administrative claims, Court authorized professionals and the creditors with claims arising under 11 U.S.C. § 503(b)(9). A schedule of Chapter 11 administrative claimants is attached hereto as Exhibit A hereto (the "Chapter 11 Administrative Claimants"). In support thereof, the Trustee states as follows:

**OVERVIEW**

1. On November 10, 2014 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code").

2. On May 16, 2016, the Court entered an order approving the appointment of the Trustee as Chapter 11 Trustee.

3. On the Petition Date, the Debtor was one of the largest retail distributors of fuel oil and propane ("Fuel") in New Hampshire and northern Massachusetts, with a workforce of nearly 100 employees and an active customer base of approximately 30,000 homes and businesses. While Fuel delivery was the Debtor's primary line of business, it also operated a

sales, service, and repairs division to provide equipment, installation, and maintenance for both commercial and residential customers.

4. From 1989, until his resignation shortly prior to the Petition Date, the Debtor's sole shareholder, Frederick J. Fuller ("F. Fuller"), managed all aspects of the Debtor's business as its President.

5. After the Petition Date and prior to the Trustee's appointment, F. Fuller remained the President and sole shareholder of the Debtor, but the day-to-day management of the company was put in the hands of Mr. Jeffrey Varsalone ("Varsalone") and his firm CBIZ Corporate Recovery Services ("CBIZ") in the role of the Debtor's chief restructuring officer (the "CRO").

6. Following the Petition Date and prior to the Trustee's appointment, the Court approved a sale of substantially all of the Debtor's assets (the "363 Sale") to Rymes Heating Oils, Inc. ("Rymes").

7. Following his appointment, the Trustee retained Murphy & King, P.C. ("M&K") to assist him with his administration of the case. The Trustee also retained CBIZ as his financial advisors and tax professionals.

8. The Trustee, with the assistance of his professionals, has resolved all open issues that arose in connection with the 363 Sale and all pending adversary proceedings--except one-- either pursuant to a settlement with the defendant or by the entry of a judgment in his favor.

9. Approval of this Motion is requested because prior orders of this Court [doc.nos. 628, 862] with respect to the second interim fee applications of counsel to the Debtor and the CRO allowed the requested compensation but did not authorize payment until further order of the Court. These administrative claims remain unpaid and are included in the Chapter 11 Administrative Claimants.

2

10. Also included in the Chapter 11 Administrative Claims are allowed Chapter 11 administrative claims arising pursuant to 11 U.S.C. § 503(b)(9).

11. Counsel to the Official Committee of Unsecured Creditors has advised the Trustee that it is preparing an application for allowance of compensation and reimbursement of expenses that will be filed shortly.

12. Since the Trustee's appointment on May 16, 2016, the Trustee and his professionals have accrued substantial fees and expenses in the fulfillment of their duties.

13. Concurrently with the filing of this Motion, applications for interim compensation (the "Applications") have been filed by (i) the Trustee and his counsel, Murphy & King, Professional Corporation; and (ii) CBIZ, in its capacity as the Trustee's financial advisor.

14. There are sufficient funds in the Estate to warrant a payment to holders of allowed Chapter 11 administrative claims at this time, as there is currently $1,005,763.89 on hand, with an additional $200,000 scheduled to be paid to the Estate by no later than December 31, 2018 on account of the Trustee's settlement agreement with Sharen Fuller.

15. Upon determination of the Applications, the Trustee requests authority make *pro rata* payments of available funds, less a reserve of $50,000 for the ongoing administration of the Estate.

Wherefore, the Trustee prays that this Court:

1. Authorize the payment to the Chapter11 Administrative Claimants listed on the Exhibit A attached hereto; and

2. Grant such other relief as is just and proper.

                                            Respectfully submitted,

                                            HAROLD B. MURPHY,
                                            CHAPTER 11 TRUSTEE

                                            By his attorneys

                                            */s/ Harold B. Murphy*
                                            Harold B. Murphy (BBO #362610)
                                            MURPHY & KING, Professional Corporation
                                            One Beacon Street
                                            Boston, MA  02108
                                            Tel:  (617) 423-0400
                                            Email:  HMurphy@murphyking.com

Date:  November 16, 2018

# *EXHIBIT A*

# Chapter 11 Administrative Claimants

| Claimant | Allowed Claim |
|---|---|
| JA Marino Automatic Heating Co., Inc.<br>80 Maple Street<br>Manchester, NH 03103 | $8,639.32 |
| Sanel Auto Parts Co.<br>129 Manchester St. / PO Box 1254<br>Concord, NH 03302-1254 | $7,416.67 |
| Energy Kinetics, Inc.<br>Kohner, Mann & Kailas, S.C.<br>4650 North Port Washington Rd., 2nd Fl<br>Milwaukee, WI 53212 | $31,452.68 |
| William S. Gannon, PLLC<br>889 Elm St., 4th Floor<br>Manchester, NH 03101<br>*Counsel to Debtor* | $218,793.36 |
| CBIZ Corporate Recovery Services<br>500 Boylston Street<br>Boston, MA 02116<br>*Chief Restructuring Officer of Debtor* | $315,996.90 |
| CBIZ Corporate Recovery Services<br>500 Boylston Street<br>Boston, MA 02116<br>*Financial Advisor to Chapter 11 Trustee* | TBD |
| Brinkman Portillo Ronk, APC<br>4333 Park Terrace Drive, Suite 205<br>Westlake Village, CA 91361<br>*Counsel to Official Committee of Unsecured Creditors* | TBD |
| Harold B. Murphy<br>Murphy & King, PC<br>One Beacon Street<br>Boston, MA 02108<br>*Chapter 11 Trustee* | TBD |
| Murphy & King, PC<br>One Beacon Street<br>Boston, MA 02108<br>*Counsel to Chapter 11 Trustee* | TBD |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re:<br><br>**FRED FULLER OIL & PROPANE CO., INC.,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 14-12188-MAF** |

**ORDER REGARDING MOTION BY CHAPTER 11 TRUSTEE FOR ORDER
AUTHORIZING PAYMENT TO CHAPTER 11 ADMINISTRATIVE CLAIMANTS**

This matter having come before the Court on the *Motion by Chapter 11 Trustee for Order Authorizing Payment to Chapter 11 Administrative Claimants* dated November 16, 2018 [docket no. ___] (the "Motion") filed by Harold B. Murphy (the "Trustee"), the trustee of the Chapter 11 bankruptcy estate of Fred Fuller Oil & Propane Co., Inc.; good and sufficient notice of the Motion and the hearing on the Motion scheduled for December 17, 2018 at 1:00 p.m. (the "Hearing") having been provided; and the Hearing having been held and concluded; the Court having reviewed the Motion; and it appearing from the record before the Court and upon due deliberation that sufficient cause exists, the COURT HEREBY FINDS THAT:

  A. This Court has jurisdiction over the bankruptcy case pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1).  Venue of the bankruptcy case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

  B. Notice of the Motion was appropriate given the circumstances.

  C. Good and sufficient cause exists for the entry of this Order.

  **NOW THEREFORE**, in consideration the foregoing findings and all of the evidence before the Court, it is **HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

  1. The Motion is allowed.

2

2. The Trustee is authorized to pay the Chapter 11 Administrative Claimants in accordance with the Motion.

BY THE COURT

_____
Honorable Michael A. Fagone
United States Bankruptcy Judge

Dated: _____