UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

FRED FULLER OIL & PROPANE CO., INC.,

Debtor.

Chapter 11

Case No. 14-12188-MAF

### ORDER REGARDING MOTION BY CHAPTER 11 TRUSTEE FOR ORDER AUTHORIZING PAYMENT TO CHAPTER 11 ADMINISTRATIVE CLAIMANTS

This matter having come before the Court on the *Motion by Chapter 11 Trustee for Order Authorizing Payment to Chapter 11 Administrative Claimants* dated November 16, 2018 [docket no. 1041] (the "Motion") filed by Harold B. Murphy (the "Trustee"), the Chapter 11 trustee of the bankruptcy estate of Fred Fuller Oil & Propane Co., Inc.; good and sufficient notice of the Motion and the hearing on the Motion scheduled for December 17, 2018 at 1:00 p.m. (the "Hearing") having been provided; and the Hearing having been held and concluded; the Court having reviewed the Motion; it appearing from the record before the Court and upon due deliberation that sufficient cause exists; and it further appearing that counsel to the Official Committee of Unsecured Creditors has voluntarily agreed to subordinate payment of a portion of its compensation to provide for payment in full of the Section 503(b)(9) claims of J.A. Marino Automatic Heating Co., Inc. and Sanel Auto Parts Co., the COURT HEREBY FINDS THAT:

    A.  This Court has jurisdiction over the bankruptcy case pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1).  Venue of the bankruptcy case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    B.  Notice of the Motion was appropriate given the circumstances.

    C.  Good and sufficient cause exists for the entry of this Order.

**NOW THEREFORE**, in consideration the foregoing findings and all of the evidence before the Court, it is **HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. The Motion is allowed as provided herein.

2. The Trustee is authorized to pay the following holders of allowed Chapter 11 Administrative Claims in the following amounts, which consists of approximately 78.7% of the allowed claims:

   (i) The Trustee, in the amount of $35,861.72 in commission;

   (ii) Murphy & King. P.C., as counsel to the Trustee, in the amount of $380,996.29 in compensation and $33,473.11 in expenses;

   (iii) CBIZ Corporate Recovery Services, as Financial Advisors to the Trustee, in the amount of $75,536.77 in compensation and $1,044.02 in expenses;

   (iv) CBIZ Corporate Recovery Services, as Chief Restructuring Officer, in the amount of $247,472.68 in compensation and $1,081.31 in expenses;

   (v) William S. Gannon, as counsel to the Debtor, in the amount of $170,881.36 in compensation and $1,215.14 in expenses;

   (vi) Brinkman Portillo Ronk, APC, as counsel to the Official Committee of Unsecured Creditors, in the amount of $114,563.19 in compensation and $5,784.32 in expenses;

   (vii) J.A. Marino Automatic Heating Co., Inc., the holder of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(9), in the amount of $8,639.32;

   (viii) Sanel Auto Parts Co., the holder of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(9), in the amount of $7,416.67; and

   (ix) Energy Kinetics, Inc., the holder of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(9), in the amount of $24,739.76.

3. The balance of the Allowed unpaid Chapter 11 Administrative Claims may be paid only after further Court order.

                              BY THE COURT

                              _____
                              Honorable Michael A. Fagone
                              United States Bankruptcy Judge

Dated: _____